Filed 3/14/14  In re M.W. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re M.W. et al., Persons Coming Under the Juvenile Court Law. | |
| | D064326 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518360A-B) |
| v. | |
| BRENDA W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Cynthia Bashant, Judge.  Affirmed as to Michelle W.; appeal dismissed as to M.W.

Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Daniela Davidian, Deputy County Counsel, for Plaintiff and Respondent.

Brenda W. appeals an order of the juvenile court suspending her visitation with her minor daughters, M.W. and Michelle W. Brenda contends the court abused its discretion because there was no evidence the order was in the girls' best interests. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, 13-year-old M.W. and nine-year-old Michelle, along with their younger sisters Hazel H. and N.H. (the younger sisters are not parties to this appeal), became dependents of the juvenile court. The four girls were removed from the custody of their maternal grandmother, Theresa L., who was their legal guardian, and placed in foster care.

The San Diego County Health and Human Services Agency (Agency) initiated this dependency proceeding after receiving numerous referrals concerning Theresa's care of the four children. All were physically abused and severely neglected while in her care. They were periodically homeless and regularly came to school hungry and without basic hygiene. In addition, Theresa had been recently convicted of selling drugs and faced potential incarceration. After the girls' removal from Theresa's custody, the Agency also discovered Michelle and her two younger sisters had been sexually abused by Casey P., an uncle, and Theresa's ex-husband, Curtis W.

Both Theresa and Brenda have long histories of involvement with the Agency. Theresa failed to reunify with her own children, as well as other grandchildren that were under her care. Brenda gave custody of her children to Theresa because Brenda was using drugs and prostituting. Theresa became the legal guardian of M.W. and Michelle in 2003, when the girls were respectively four and one years old. Brenda had not been the primary caregiver since 2001, before Michelle was born. Brenda was not a consistent presence in their lives. M.W.

2

reported the longest period of time her mother cared for her and her sisters without Theresa present was three days.

At the detention hearing, the court issued orders precluding Theresa from having contact with the girls. Brenda, who expressed a desire to reunify with her children, was provided with reunification services and supervised visits. At Brenda's first visit with the girls, Brenda brought Curtis and Casey with her. The Agency's social worker reported Curtis upset the girls and was not able to conduct himself appropriately. Thereafter, the Agency prohibited Curtis from coming to Brenda's visits or otherwise having contact with M.W. and Michelle. Brenda, however, continued to allow Theresa, Casey and Curtis to have access to the girls, both at in-person visits and during telephone calls.

In July 2012, the Agency filed a Welfare and Institutions Code section 388 (all further statutory references are to this code) petition for modification on behalf of M.W. and Michelle requesting suspension of Brenda's visitation. The petition alleged the suspension was necessary to protect the girls from their former abusers. At the hearing, the parties reached a settlement and the Agency withdrew the petition. Brenda was permitted to continue supervised visitation, but was ordered to comply with the Agency's visitation rules prohibiting contact with Curtis, and to comply with the court's earlier order prohibiting contact with Theresa. Because Curtis had been providing transportation for Brenda, the court required Brenda to take the bus to her visits. The order precluded any contact between the girls and Theresa, Casey or Curtis.

For Brenda's subsequent six-month review hearing, the Agency reported Brenda's visitation with her daughters was inconsistent and that she was not appropriate during her

3

visits.  The Agency also reported Brenda was progressing only minimally in the services that were being provided to her.  She denied her daughters had been sexually abused and told social workers the group therapy she was attending for nonoffending sexual abusers was not beneficial.  At the hearing, the court found Brenda had not made substantive progress in her case plan, but continued services to the 12-month review hearing.

Between the six- and 12-month review hearings, Brenda's visitation with M.W. and Michelle continued to be inconsistent.  When she did visit, the interactions were often chaotic and inappropriate.  Brenda also remained unconvinced her daughters were sexually abused and continued to violate the court's no contact orders.  Brenda brought Theresa to the six-month review hearing, upsetting M.W.  When M.W. went to the restroom to cry, Theresa went in after her and refused to leave despite the Agency's staff members' pleas for her to leave M.W. alone.  Brenda did not intervene to stop Theresa from confronting M.W.  Brenda also continued to have Curtis bring her to visits with her daughters and allowed him to have contact with M.W. and Michelle.

In its report for the 12-month review hearing, the Agency recommended terminating services for Brenda and setting a section 366.26 hearing to select a permanent plan for M.W. and Michelle.  The Agency noted Brenda's inability to extricate herself from her daughters' abusers and Brenda's failure to progress in her case plan.  The juvenile court agreed with the Agency's recommendation.  After finding Brenda failed to make substantive progress with her case plan and that she did not have the capacity to progress, the court set a date for the section 366.26 hearing.

Before the selection and implementation hearing, the Agency filed a section 388 petition again requesting Brenda's visitation with M.W. and Michelle be suspended. The Agency reported that despite multiple reminders of the juvenile court's prohibition, Brenda continued to violate the court's orders by exposing the girls to Curtis. At the hearing on the petition, stipulated testimony of M.W. and Michelle was admitted. Both girls stated they saw Curtis at their last visit with their mother. At the conclusion of the hearing, the court found the Agency had established a change in circumstances and that it was in M.W.'s and Michelle's best interests to temporarily suspend visitation with Brenda. Brenda timely appealed the order. Thereafter, the juvenile court reinstated Brenda's visitation with M.W.

## DISCUSSION

Under section 388, a party may petition the court to change, modify or set aside a previous court order. The petitioning party has the burden of showing, by a preponderance of the evidence, that (1) there is a change of circumstances or new evidence, and (2) the proposed change is in the child's best interests. (§ 388; *In re Jasmon O.* (1994) 8 Cal.4th 398, 415-416.) Whether a previous order should be modified and a change would be in the child's best interests are questions within the sound discretion of the juvenile court. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318; *In re Michael B.* (1992) 8 Cal.App.4th 1698, 1704.) The juvenile court's order will not be disturbed on appeal unless the court has exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination. When two or more inferences reasonably can be deduced from the facts, we have no authority to reweigh the evidence or substitute our decision for that of the trial court. (*In re Stephanie M.*, at pp. 318-

5

319; *In re Casey D.* (1999) 70 Cal.App.4th 38, 47; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 812.)

Because the juvenile court reinstated Brenda's visitation with M.W., Brenda's arguments with respect to M.W. are moot and the appeal as to M.W is dismissed. With respect to Michelle, Brenda has not shown the juvenile court abused its discretion by suspending Brenda's visitation. There was sufficient evidence for the court to find suspending Brenda's visitation was in Michelle's best interests. The Agency's social worker opined that exposing Michelle to Curtis was detrimental to her emotional health. Michelle expressed her desire to not see Curtis, in one instance hiding to avoid contact with him. Brenda, however, refused to believe Michelle was abused by Curtis and continually violated the court's order prohibiting him from having contact with Michelle. This evidence supported the juvenile court's finding that continued visitation was not in Michelle's best interests. The court acted within its discretion by granting the Agency's section 388 modification petition. (*In re Stephanie M., supra*, 7 Cal.4th at pp. 318-319.)

## DISPOSITION

The order is affirmed as to Michelle. The appeal is dismissed as moot as to M.W.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

McDONALD, J.

6